UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHMED MOHAMMAD ELGHEMBRI,<br>Plaintiff,<br>v.<br>AARON COOK, et al.,<br>Defendants. | Case No. 24-cv-02770-WHO (PR)<br><br>**ORDER OF DISMISSAL** |

### INTRODUCTION

Plaintiff Ahmed Mohamed Elghembri alleges that a prison doctor failed to provide him with adequate medical care, thereby violating his Eighth Amendment rights. His amended 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

This federal civil rights action is DISMISSED because Elghembri has not stated any claim for relief. It is clear from his filings that he mistook a mental health appointment for a medical appointment. The doctor's alleged failure to treat his shoulder pain was therefore based on a misunderstanding and was not the result of deliberate indifference.

### DISCUSSION

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

1    from such relief.  *See id.* § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.
2    *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

3          A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

      **1.    Original Complaint**

      In his original complaint, Elghembri alleged that he went to a medical appointment on September 28, 2023, regarding a fractured shoulder and a "skin cancer diagnosis." (Compl., Dkt. No. 1 at 5.)  The unnamed doctor presented him with a questionnaire, for which he was not ready, but he does not describe how the physical examination went, what treatment he asked for, and what treatment was allegedly denied him.  (*Id.* at 5-8.)  From the documents attached to the complaint, it appears that this September 28 appointment was for "a cognitive or brain health assessment due to your recent falls."  (*Id.* at 16.)

      The complaint was dismissed with leave to amend.  Elghembri was directed to provide the doctor's first and last name and give greater detail about what the appointment was for, what treatment he sought, and what was allegedly denied him.

### 2. First Amended Complaint

Elghembri alleges that during a medical appointment, his doctor asked him questions regarding his mental health even though plaintiff went to the appointment for treatment for shoulder pain. (Am. Compl., Dkt. No. 11 at 3.) From the complaint and the attached exhibits, it is clear that Elghembri's appointment was an "episodic visit for a cognitive brain health assessment" owing to his "recent falls," not for shoulder treatment. (*Id.*, Health Care Services Response, Dkt. No. 11 at 5-6.) Because these facts show a mistake and a misunderstanding, Elghembri has not stated a claim for deliberate indifference under the Eighth Amendment.

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (equating standard with that of criminal recklessness). "[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A mere accident or evaluative mistake is not to be characterized as wanton infliction of unnecessary pain. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, a doctor asking mental health questions during a mental health appointment rather than treating Elghembri's shoulder pain does not amount to criminal recklessness or obduracy or wantonness. This civil rights action will be dismissed for failure to state a claim for relief.

### CONCLUSION

This federal civil rights action is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendants, and close the file.

**IT IS SO ORDERED.**

**Dated:** June 18, 2025

_____
WILLIAM H. ORRICK
United States District Judge